Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000524
31-MAY-2018
08:22 AM

NO. CAAP-17-0000524

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
AARON E. KLEEFIELD, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(3DTA-17-00663)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Aaron E. Kleefield (Kleefield) appeals from the Judgment and Notice of Entry of Judgment, entered on June 1, 2017, in the District Court of the Third Circuit, North and South Kona Divsion (District Court).[1]

On June 1, 2017, the District Court sua sponte dismissed, without prejudice, the charge of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2017), against Kleefield.

On appeal, citing State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981), Kleefield contends the District Court erred by failing to make findings when dismissing the charge without prejudice. Kleefield requests the case be remanded with instructions to dismiss the case with prejudice. The State contends Estencion is inapplicable because it only applies to dismissals pursuant to Rule 48 of the Hawai'i Rules of Penal

---

[1] The Honorable Margaret K. Masunaga presided.

Procedure (HRPP) and the record demonstrates that HRPP Rule 48 was not violated. Instead, citing State v. Mageo, 78 Hawai'i 33, 889 P.2d 1092 (App. 1995), the State argues the District Court did not abuse its discretion by dismissing the charge, pursuant to HRPP Rule 9(c)(4)(ii), for failure to serve a second Penal Summons and written findings are not required because the charge was not dismissed with prejudice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kleefield's point of error as follows:

The District Court erred by failing to enter written findings setting forth its reasons for dismissal of the OVUII charge without prejudice. "In criminal cases, the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence in inherent." Mageo, 78 Hawai'i at 37, 889 P.2d at 1096 (citation, brackets, and internal quotation marks omitted). A trial court has the inherent power to dismiss a charge with or without prejudice for the failure to prosecute with due diligence, but should issue written findings setting forth its reasons. Id. at 37-38, 889 P.2d at 1096-97. When issuing its findings, the District Court should consider the appropriate factors depending upon the grounds for dismissal. Compare, State v. Hern, 133 Hawai'i 59, 60, 323 P.3d 1241, 1242 (App. 2013) (Estencion factors must be clearly articulated when dismissing charge for violation of HRPP Rule 48) with Mageo, 78 Hawai'i at 37-38, 889 P.2d at 1096-97 (citing State v. Moriwake, 65 Haw. 47, 647 P.2d 705 (1982), dismissal for violation of HRPP Rule 9 requires "balancing [of] the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system"). Given that the reason for requiring the trial court to make findings underlying its decision to dismiss with or without prejudice is to facilitate review of this decision, we will not speculate on the

propriety of the District Court's decision in advance of its articulation of its findings.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on June 1, 2017, in the District Court of the Third Circuit, North and South Kona Division is vacated and the case is remanded for further proceedings.

DATED: Honolulu, Hawai'i, May 31, 2018.

On the briefs:

Kevin O'Grady,
for Defendant-Appellant.

Charles E. Murray, III,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge